**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2803
_____

RAJ KUMAR SHARMA,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A72 432 452)

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2005

Before: SLOVITER, NYGAARD,* and FUENTES, Circuit Judges

(Filed: July 20, 2005)

_____

* Honorable Richard L. Nygaard assumed senior status on July 9, 2005.

_____

OPINION

_____

PER CURIAM

Raj Kumar Sharma petitions for review of an order of the Board of Immigration Appeals (BIA) which denied his motion for reconsideration as untimely. The Government has filed a motion for summary affirmance. For the reasons that follow, we will grant the Government's motion and will deny the petition for review.

Sharma is a native and citizen of India. He entered the United States without inspection in 1991. He submitted an affirmative asylum petition, and was issued a notice to appear in September 1998. An Immigration Judge (IJ) denied relief on July 6, 1999. The BIA denied his appeal on August 20, 2002. Sharma filed a motion to reopen on March 17, 2005, arguing that he was denied due process because he did not receive a full and complete translation of his proceeding before the IJ. The BIA denied the motion as untimely.

This court's review extends only to the BIA's order denying Sharma's motion to reopen or reconsider. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986). The decision to deny a motion to reopen is within the Board's discretion. See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Under the regulations, the Board "has discretion to deny a motion to reopen even

if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

A motion to reconsider must be filed within 30 days of the BIA's decision. 8 C.F.R. § 1003.2(b)(2). Unless certain exceptions apply, such as changed country conditions, a motion to reopen before the Board must be filed within 90 days of the final order. 8 C.F.R. § 1003.2(c)(2). Whether Sharma's motion was construed as a motion to reconsider or a motion to reopen, it was filed over two years late.

Sharma's stay motion[1] argues that he was deprived of due process because he did not receive a proper and complete translation of the proceedings and because the IJ failed to advise him of his right to appeal to the BIA.[2] His stay motion does not address the fact that his motion before the BIA was untimely.

After the Government filed its motion for summary affirmance, Sharma responded. Although his arguments are somewhat unclear, the response appears to argue that because the BIA has the authority to sua sponte reopen or reconsider any decision it has made without regard to time restraints, and because the BIA sometimes reopens a proceeding where there has been a gross miscarriage of justice, this Court may still review his claims. Sharma concedes that many courts have held that they may not review the BIA's decision to decline to reopen or reconsider a case sua sponte, but he does not recognize in his

---

[1] Sharma's motion inexplicably asks this Court to "reconsider its prior decision to deny Petitioner's motion to stay his removal from the United States." We are not able to locate any prior appeal or motion by Sharma in this Court.

[2] The transcript reflects that the IJ informed Sharma's attorney of the time to appeal, and the record shows that Sharma did, in fact, file a timely appeal to the BIA.

response that this Court is one of those which have so held. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003) ("[b]ecause the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.").

We need not reach the issue of whether this Court could reach the merits of Sharma's case if it found a gross miscarriage of justice, as Sharma has not shown that a gross miscarriage of justice occurred in his case. As Sharma has not shown that the BIA abused its discretion in denying his motion, his petition for review will be denied.[3]

---

[3] Sharma's motion for a stay of removal is denied.